# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DERRICK MICHAEL STANBERRY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DR. THOMAS POWELL, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:19-cv-00526-ACA-JEO |

## ORDER

The magistrate judge entered a report on May 8, 2019, recommending that the court dismiss without prejudice Plaintiff Derrick Michael Stanberry's claims against Dr. Powell, Sgt. Lovett, and Lt. Jones pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief can be granted. (Doc. 10). The magistrate judge also recommended that the court refer to the magistrate judge Mr. Stanberry's claim for excessive force against Sgt. Willie Mclemore for further proceedings. (*Id.* at 13). Mr. Stanberry filed a motion for appointment of counsel (doc. 13), which contained objections to the report and recommendation.

Concerning Mr. Stanberry's request for appointment of an attorney, no constitutional right to counsel exists in a civil case. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). The appointment of counsel in a civil matter is a privilege justified only by exceptional circumstances, such as novel or complex litigation.

*Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *Vickers v. Georgia*, 567 F. App'x 744, 749 (11th Cir. 2014). Mr. Stanberry's claims are neither novel nor complex and, therefore, appointment of counsel is not warranted at this time. Accordingly, the court **DENIES** without prejudice the motion for appointment of counsel. (Doc. 13 at 4).

Mr. Stanberry's sole objection to the report and recommendation concerns the finding that Dr. Thomas Powell did not act under color of state law. (Doc. 13 at 2–3). Mr. Stanberry cites *West v. Atkins*, 487 U.S. 42 (1988) in support of his argument. However, unlike the facts here, the doctor in *West* treated prisoner patients pursuant to a contract with the relevant prison. In contrast, Dr. Powell, a private physician, examined Mr. Stanberry at Brookwood Medical Center, a private hospital. (Doc. 1 at 8). Under these facts, no state action is implicated for Eighth Amendment purposes.

Moreover, Mr. Stanberry alleges that Dr. Powell mislead him into believing surgery was necessary so a chip device could be implanted in Mr. Stanberry's wrist to allow prison officials to read his thoughts, in retaliation for a prior lawsuit that Mr. Stanberry filed. (*Id.* at 8-9, 11). Construing this claim as one for retaliation under the First Amendment, Mr. Stanberry fails to allege any causal connection between Dr. Powell and his prior lawsuit.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and Mr. Stanberry's objections, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation.

The court **ORDERS** that Mr. Stanberry's claims against Dr. Powell, Sgt. Lovett, and Lt. Jones are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b). The court **ORDERS** that Mr. Stanberry's claim for excessive force against Sgt. Mclemore is **REFERRED** to the magistrate judge for further proceedings.

**DONE** and **ORDERED** this July 30, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE